Argued December 22, 1978, affirmed January 29, 1979

MIKAN et ux, *Appellants,*
*v.*
VALLEY PUBLISHING, INC., *Respondent.*
(No. 37-722, CA 11122)

589 P2d 1201

Roger L. Hill, Tigard, argued the cause and filed a brief for appellants.

Elizabeth K. Reeve, of Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, argued the cause for respondent. With her on the brief was Ridgway K. Foley, Jr.

Before Schwab, Chief Judge, Gillette and Roberts, Judges, and Holman, Judge, Pro Tempore.

HOLMAN, J., Pro Tempore.

**HOLMAN, J.,** Pro Tempore.

Plaintiffs are the parents of a daughter aged 16 who was charged in juvenile court with acts which, if committed by an adult, would have constituted crimes. They were (1) unauthorized use of a motor vehicle, and (2) hit and run driving. Defendant, a newspaper, published news articles identifying the daughter by name, giving the names of plaintiffs as her parents and their address, and stating that the daughter had been released to the parents pending further court action.

Plaintiffs filed an action for sickness and emotional trauma which resulted from threatening telephone calls, eggs thrown at their residence and surveillance of it by strangers, all of which, plaintiffs alleged, resulted from defendant's publications. Plaintiffs do not purport to base their claimed cause of action upon an invasion of their privacy but, rather, they contend the publications amounted to a nuisance which interfered with the use and enjoyment of their land. Defendant's demurrer to plaintiffs' complaint, which contended no cause of action was stated, was sustained by the trial court and plaintiffs appeal.

■ Plaintiffs argue that the publication of such information was contrary to statute, but they cite no statute. ORS 419.567 prohibits the clerk of the court from disclosing information appearing in the juvenile court records without the consent of the court. Assuming, but not deciding, that this statute acts as a prohibition upon defendant, there is no allegation in plaintiffs' complaint that the information was released without the consent of the court.

■ Plaintiffs in their brief do not disclose their theory of liability other than to say that the tort in this case is one of nuisance. There is no such thing as a tort of nuisance. "Nuisance" refers to the interest invaded and not to any type of culpable conduct. *Raymond v. Southern Pac. Co.,* 259 Or 629, 488 P2d 460 (1971).

[ 289 ]

Plaintiffs never identify that which makes defendant's conduct culpable and, therefore, unlawful and the proper subject of a right of action. They do not contend defendant was negligent in its publication because a reasonably prudent person would have foreseen that its action would have caused plaintiffs to be deprived of the use and enjoyment of their land. Neither do they contend that defendant recklessly or intentionally interfered with their use and enjoyment of it nor that defendant was strictly liable because it was conducting an abnormally dangerous activity or trespassed upon it.

In the absence of the assertion of a viable theory making defendant's actions culpable upon which to base plaintiffs' cause of action, or of the citation of any cases which purport to support a recovery in like circumstances, it is unnecessary to deal with any constitutional considerations of freedom of speech or of the press.

The judgment of the trial court is affirmed.